A. P. ANKENY ET AL., RESPONDENTS, *v.* CHARLES A. BLACKISTON ET AL., APPELLANTS.

SERVICE OF SUMMONS—SEVERAL DEFENDANTS.—Where the service of summons in a suit in chancery is made by serving a copy of the summons upon each of several defendants and a copy of the complaint is only served upon one of such defendants, and it does not appear in the return that the plaintiff directed in writing on the copy of the complaint served, on which defendant it should be served, such service, if defective, can only be taken advantage of on appeal, and does not render the decree void.

GUARDIAN—RIGHT TO APPEAR.—The general guardian has authority to appear for his ward and answer for him in a suit and such appearance will waive an irregularity in the service of process.

APPEAL from Multnomah County.

This suit involves the validity of a decree rendered in a partition suit to which the appellants were parties defendant. It was brought to quiet title. The respondents had a decree as prayed for, from which this appeal is taken.

The facts are stated in the opinion.

*B. Killen and Northup & Gilbert*, for appellants:

When lands are granted to two or more persons to hold to them and their heirs, or for the term of their life, without any restrictive or exclusive words, all the persons named in such instrument to whom the lands are so given take a joint estate and are called joint-tenants. (2 Greenl. Cruise, 364.) Joint-tenancy is where two or more persons, not being husband and wife, at the date of its acquisition, have any subject of property jointly between them in equal shares. (1 Preston on Estates, 136.)

Joint estates were favorite estates at common law, and whenever an estate vested in two or more persons by purchase, there arose at once the presumption that it was a joint estate. (*Aveling* v. *Knipe*, 19 Ves. 441; Dart on Vendors, 431.) The words "share and share alike," do not create a tenancy in common. (*Moore* v. *Cleghorn*, 10 Beav. 425; *Stinson* v. *Butterman*, 5 Cush. 153; *Purdy* v. *Purdy*, 4 Md. Ch. Dec. 547.

A deed to two or more persons vests in them a joint estate. (*Whittridge* v. *Barry*, 42 Md. 151; *Jones* v. *Jones*, 1 Cal. 469; *Fisher* v. *Wigg*, 1 Lord Ray. 622.)

Joint estates existed in Oregon up to October 17, 1862. The act of the legislature abolishing joint estates could have no effect upon joint estates vested at that time. The legislature has no authority to give such an effect to a statute as will deprive joint-tenants of one of the essential elements of the tenure, the right of survivorship. (*Green* v.

*Blanchard,* 40 Cal. 198; *Boston F. Co.* v. *Condit,* 19 N. J. Eq. 399.)

The decree of partition in the Thoburn suit was not an adjudication upon the title of the defendants Clara and Charles. At common law partition was considered as a mere possessory action, which left the title as it found it. (*Harlan* v. *Langham,* 69 Pa. St. 235; *Pierce* v. *Oliver,* 13 Mass. 212; *Malet* v. *Foxcroft,* 1 Story C. C. 475.)

The statutes of Oregon, at the time of this partition, did not make a decree of partition binding upon the title of parties to the suit. In some states it is held that a decree of partition is decisive of the claims of title of the parties thereto, but it will be observed that in those states the statutes have expressly provided that if it shall appear that there are parties claiming the same portion adversely to each other, the court may decide upon such adverse claims. (*Forder* v. *Davis,* 38 Mo. 115; *Wade* v. *Deray,* 50 Cal. 376.)

The Oregon law of partition contains no such provision. Again, the court had no jurisdiction of that partition suit, for the reason that the plaintiff therein was not in possession of the land he sought to partition. (Stat. of Or. 198.)

The pleadings in the partition suit show that the parties thereto claimed to hold adversely. "The object of the partition is to turn an estate that is held in common into an estate in severalty, and not to furnish a mode of settling conflicting titles. (*Brock* v. *Eastman,* 28 Vt. 660; *Florence* v. *Hopkins,* 46 N. Y. 186.)

If the land be held adversely to the plaintiff he must first establish his right by an action to recover possession. (*McMasters* v. *Carothers,* 1 Pa. St. 325; *Bonner* v. *The Proprietors,* 7 Mass. 475; *Abbergottie* v. *Chaplin,* 10 Rich Eq. 428; 9 Cowen, 530.)

Again, there are irregularities in the proceeding for partition which are sufficient to invalidate the decree. In a suit in chancery infant defendants can only appear by guardian *ad litem,* who must be appointed by the court, otherwise the infant will not be bound by its decrees. (*Myers* v. *Myers,* 6 W. Va. 369; *Fitch* v. *Cornell,* 1 Sawyer,

156; Stat. of Oregon, p. 110, sec. 31; Story Eq. Plead., sec. 58, note.)

The return of service of summons should have shown that service was made upon the infant defendants by leaving a copy thereof with them and with their guardian. The fact that the infant defendants appeared and filed answer does not give the court jurisdiction unless they were properly served. The summons was defective, in that it did not apprise the defendants of the nature of the relief sought. No service of complaint was made except upon the defendant, John Doscher. The summons simply notified defendants that the plaintiff would apply to the court for the relief prayed for in the complaint.

Errors of less magnitude than these have been held sufficient to justify a court in setting aside decrees of partition. A judgment in partition was treated as void because the record did not show whether the commissioners were sworn. (*Smith* v. *Moore's Heirs*, 6 Dana, 417.) The record of partition will be disregarded unless it show affirmatively that the various steps required by law have all been taken. (*Gayton* v. *Shane*, 7 Dana, 498; *Jink* v. *Howland*, 3 Gray, 537; *Newell* v. *Saddler*, 16 Mass. 122; *Thayer* v. *Thayer*, 7 Pick. 209; *Schuyler* v. *Marsh*, 37 Barb. 356.)

If this court should hold that the circuit court exceeded its jurisdiction in vesting this land in the children by the decree of divorce, then the partition is wholly inoperative and void, as it was the invariable rule at common law that estates in remainder or reversion could not be divided by proceedings for compulsory partition, and there is no statute changing that rule in this state. In fact, the same rule is enacted by statute in many of the states. (*Stevens* v. *Enders*, 1 Green, N. J. 273; *Packard* v. *Packard*, 16 Pick. 194; *Baldwin* v. *Aldrick*, 34 Vt. 532.)

*Dolph, Bronaugh, Dolph & Simon, and Sidney Dell,* for respondents:

The rights of the parties to a suit in partition are determined by the decree. (Civ. Code, sec. 425; Herman on Estoppel, 93, 94; *Morenhaut* v. *Higuera*, 32 Cal. 289; Free-

man on Judgments, 272, sec. 306.)   " When an infant is a
party he shall appear by guardian, who may be appointed
by the court in which the action is brought, or by a judge
thereof, or a county judge.   (Civ. Code, p. 110, sec. 31, and
authorities cited.)

"Nothing contained in this title shall impair the power
of the supreme court, the circuit court, the county court, or
courts of a justice of the peace, to appoint a guardian to de-
fend the interests of any minor impleaded in such courts or
interested in any suit or matter therein pending; nor their
power to appoint or allow any person as next friend for a mi-
nor to commence, prosecute or defend any suit in his behalf."
(Mis. Laws, p. 555, sec. 12.)   " Every guardian appointed un-
der the provisions of this title shall  *  *  *  appear for and
represent his ward in all legal suits and proceedings, unless
where another person is appointed for that purpose as
guardian or next friend."   (Mis. Laws, p. 556, sec. 20.)
California statutes of date of April 29, 1851, are literally
the same as the Oregon statutes.   (Cal. Code, p. 4, secs.
89, 94.)

"The provisions of sections nine and ten of the civil
practice act relative to the appointment of guardians *ad
litem* where infants are parties, only apply where there is
no general guardian, or where he does not act."   (*Gronfier*
v. *Puymirol*, 19 Cal. 629.)   " Whenever the interests of the
minor require it, the court in which an action is pending
will appoint a guardian *ad litem*, even though the minor may
have a general guardian."   (Id.)

"Where in a suit against infants there was no personal
service upon them, but their general guardian appeared and
defended for them, it was held that such appearance gave
the court jurisdiction of their persons."   (*Smith* v. *McDonald*,
42 Cal. 484; *Spear* v. *Ward*, 20 Id. 677.)   A judgment or
decree against a minor without the appointment of a guard-
ian is not void or voidable.   (*Peak* v. *Sharted*, 21 Ill. 137;
Freeman on Judgments, secs. 131, 513; *Joyce* v. *McAvoy*,
31 Cal. 273.)

In a suit where the court has complete jurisdiction of the
subject and of the parties, a decree against infant defend-

ants, where there is no evidence of fraud or collusion, is as valid and effectual as if taken against adults.

By the Court, BOISE, J.:

In this suit the plaintiffs claim title through divers mesne conveyances from one Thomas Thoburn, who purchased the land in question at a sale of the same on execution on a judgment in favor of one *Kalmes* v. *William Blackiston et al*, the father of the said Charles A. Blackiston and Clara Blackiston. These conveyances are in due form and are not in that respect questioned. After obtaining a sheriff's deed to the land, and before conveying the same, Thoburn brought a suit of partition against John Doscher and wife, William Blackiston and wife, Charles A. Blackiston, Clara Blackiston, Charles M. Carter and Sherry Ross, to partition the south half of the land claim of William Blackiston, which includes the land in question. In this suit a summons was duly issued, and we find indorsed on it the following return:

"State of Oregon, county of Multnomah: I hereby certify that I served the within summons on the within named defendants, John Doscher, Ann Doscher, William Blackiston, Clara Blackiston, Charles A. Blackiston, C. M. Carter and Sherry Ross, in Multnomah county, on the seventh day of November, A. D. 1865, by delivering to each of them a copy thereof, together with a copy of the complaint on John Doscher, prepared and certified to by the plaintiffs' attorneys. I further certify that after due diligence I have not been able to find Ann Blackiston in this county.

"JACOB STITZEL, Sheriff."

The defendants appear and claim interest in the land. The said Charles A. Blackiston and Clara Blackiston being minors, appeared by C. M. Carter, their guardian, and answered, and in their answer, claimed all of said south half of said land claim, except four acres thereof sold to Sherry Ross, and prayed that they be decreed to be the owners thereof, except said four acres. In this partition

suit the court finds and decrees that Thomas Thoburn is the owner of one undivided half of said south half of said land claim as described in complaint, and that Clara and Charles A. Blackiston are the owners of the other undivided half thereof, except four acres sold to Sherry Ross, and ordered a petition thereof accordingly, the part set off to said Clara and Charles A. to include the four acres sold to said Ross, and the court finds further that William Blackiston, Ann Blackiston, John Doscher and Anna Doscher have no interest or estate therein. In said partition suit the land now claimed by the plaintiffs was partitioned and set off to said Thomas Thoburn, under whom the plaintiffs claim, so if the decree in that partition suit is valid and binding on the parties thereto, then the plaintiffs in this suit as against the defendants are the owners in fee of the land claimed by them, and are entitled to the relief they seek. We will now proceed to examine this decree:

1. It is claimed that Thoburn does not allege possession; he alleges that he is in constructive possession, which is sufficient, and this is supported by the facts alleged.

2. It is objected to the decree that the service is not sufficient, for the reason that no copy of the complaint was served on Charles A. or Clara Blackiston, or their guardian. The copy of the complaint being served on John Doscher, who was declared by the court to have no interest in the land, and it not appearing that the plaintiff directed the complaint to be served on him by indorsing such direction in writing on such copy. We think this objection is very technical, and at most could be made available, if at all on appeal, when a decree has been taken by default. In this case, as the parties appeared and answered, a defect in the service would be waived, if it is determined that the appearance was such as would bind infants. In this case C. M. Carter, their general guardian, appeared for them and defended their interest, and claimed for them the whole property. And we think that under section 20, page 556, of the code he had the authority, and it was his duty to appear for his wards in that suit, and that they were as much bound by the proceedings therein as though they had

be enof lawful age and appeared for themselves. This decree seems to be sufficient in form and binding on all the parties to it. It is not therefore necessary for us to inquire into the validity of the sale of the land on execution in case of *Kalmes* v. *William Blackiston et al.*, for the rights of the parties have been adjudicated in the partition suit, and while that stands its determination of the rights of the parties to it must remain as there settled.

The decree of the court below will be affirmed with costs.